

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2000 FEB 18 P 12: 49

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RONNIE RILEY                                          CIVIL ACTION

VERSUS                                               NO. 00-317

LOUISIANA                                            SECTION "S" (2)


## REPORT AND RECOMMENDATION

This matter is before the Court on a petition seeking habeas corpus relief from "the form of custody known as 'parole supervision.'" Record Doc. No. 1, Application for Writ of Habeas Corpus and Temporary Injunction Against the Louisiana Board of Pardons and Parole. Petitioner, Ronnie Riley, alleges that he was convicted and sentenced in East Baton Rouge Parish "around mid-1996 or 1997" for selling cocaine. Record Doc. No. 1, Petition at ¶¶ 1 - 4. East Baton Rouge Parish is located within the Middle District of Louisiana. 28 U.S.C. § 98(b).

Riley is <u>not</u> currently incarcerated. He alleges that he was <u>formerly</u> incarcerated in Angie, Louisiana, which is located in Washington Parish, within this district, 28 U.S.C.

DATE OF ENTRY  FEB 18 2000

DATE OF MAILING  FEB 18 2000



§ 98(a), but at the time he filed this complaint he had been released. His complaint listed a private address in Denham Springs, Louisiana, which is located in Livingston Parish, also within the Middle District of Louisiana.  28 U.S.C. § 98(b).

In his petition, Riley alleges that he was sentenced to six years imprisonment, but that he "signed away insinitive (sic) pay to earn good time" credit toward early release. Record Doc. No. 1, Petition at ¶ 12(A).  He alleges that his good time credit was "two for one" (i.e., that he was considered to have served two days of his sentence for every one day of time served with good behavior).  He complains, however, that after serving three years, which should have completely satisfied his sentence in light of good time earned, he was released subject to "parole supervision" rather than without conditions or supervision.  He claims that the exercise of parole supervision over him under these circumstances is a form of custody in violation of his constitutional rights.  He seeks relief from parole supervision and "a full pardon and release from custody."  Id., Application for Writ of Habeas Corpus at p. 12.

Although Riley is no longer actually imprisoned, he must be considered "in custody" for purposes of habeas relief because he remains subject to a term of supervised release, Wottlin v. Fleming, 136 F.3d 1032, 1034 n. 1 (5th Cir. 1998); Ojo v. Immigration and Naturalization Service, 106 F.3d 680, 681 n. 2 (5th Cir. 1997), and his complaint is construed as a habeas petition pursuant to 28 U.S.C. § 2241.  See Batiste v.

State Bd. of Pardon and Parole, 1999 WL 102027, *1 (E.D.La. 1999) (quoting King v.

Lynaugh, 729 F. Supp. 57, 58 (W.D. Tx. 1990)).

28 U.S.C. § 2241(d) provides:

Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

(emphasis added). The United States Court of Appeals for the Fifth Circuit has held that

this statute is jurisdictional. Webb v. Beto, 362 F.2d 105, 108 (5th Cir. 1966), cert.

denied, 385 U.S. 940, rehearing denied, 386 U.S. 930 (1967). Thus, this Court lacks

subject matter jurisdiction to consider Riley's petition, since Riley was not incarcerated in

this district, either at the time he filed his complaint or currently, and he was not convicted

or sentenced in this district.

In addition, however, because this Court lacks jurisdiction, it also lacks authority

to transfer the petition to the Middle District of Louisiana, where Riley was convicted and

resides and where the petition may properly be filed. Although some courts have held that

such transfer orders may be made, United States ex rel. Ayala v. Tubman, 366 F. Supp.

1268, 1269-71 (E.D.N.Y. 1973); United States ex rel. Ruffin v. Mancusi, 300 F. Supp.

686, 686 (E.D.N.Y. 1969), the better view appears to be that when a habeas corpus plaintiff files his petition in a district court that lacks subject matter jurisdiction to grant relief, that court also lacks authority to transfer the case to a court of proper jurisdiction. United States ex rel. Jimenez v. Convoy, 310 F. Supp. 801, 802 (S.D.N.Y. 1970); United States ex rel. Griffin v. LaVallee, 270 F. Supp. 531, 532 (E.D.N.Y. 1967).

Despite the arguably laudatory purposes of transferring such petitions to the correct district (e.g., saving a pro se petitioner the time and expense of refiling), prohibiting such transfers is the better view because "(t)he defect [in such an improperly filed habeas petition] is not merely one of improper venue, but of lack of subject matter jurisdiction, which is fundamental and cannot be disregarded." Jimenez, 310 F. Supp. at 802 (emphasis added). Even a thoroughly and somewhat persuasively reasoned decision like Ayala primarily bases its view that a transfer order is permissible on an interpretation indicating that Section 2241(d) is more in the nature of a venue statute than a jurisdictional statute. 366 F.Supp. at 1270. However, a literal interpretation of the statute, particularly its express use of the word "jurisdiction" rather than venue and the clear implication of its second sentence that a permissible transfer is only from one court with jurisdiction to another with jurisdiction, coupled with the Fifth Circuit's clear holding in Webb that the statute is jurisdictional, persuades me that because this Court lacks subject matter jurisdiction, it should not address the case further. "Whenever it appears by suggestion of

the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. P. 12(h)(3)(emphasis added).

## RECOMMENDATION

For all of the foregoing reasons, IT IS RECOMMENDED that the above-captioned action be dismissed for lack of subject matter jurisdiction. Petitioner is instructed that if he seeks federal habeas corpus relief he must file his petition in the Middle District of Louisiana in Baton Rouge.

IN THE ALTERNATIVE, if the presiding District Judge finds that she has jurisdiction to do so, IT IS RECOMMENDED that this matter be transferred to the Middle District of Louisiana, where the petition should properly have been filed.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such

consequences will result from a failure to object.  <u>Douglass v. United Servs. Auto. Ass'n</u>,

79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this _____ day of February, 2000.



JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE